Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Leilani L. Jones, State Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

BEN SCHULTZ, an individual,

Plaintiff,

v.

CVS PHARMACY, INC., a Rhode Island corporation, and DOES 1 through 100, inclusive,

Defendants.

Case No. 3:21-cv-5969

[San Francisco County Superior Court, Case Number CGC-21-592134]

**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

Trial Date: None Set

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO BEN SCHULTZ AND TO HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CVS Pharmacy, Inc. (“Defendant” or “CVS”) hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, on the following grounds:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff Ben Schultz ("Plaintiff") and CVS.

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of his Complaint.

3. CVS Pharmacy, Inc. is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, CVS Pharmacy, Inc. was a corporation organized under the laws of the State of Rhode Island, and at all material times CVS Pharmacy, Inc. has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

4. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

6. On or about May 24, 2021, Plaintiff filed an action against CVS titled "*Ben Schultz, an individual, Plaintiff v. CVS Pharmacy, Inc., a Rhode Island corporation and Does 1 through 100 inclusive, Defendants"* in the Superior Court of the State of California, County of San Francisco, Case No. CGC-21-592134 (the "State Court Action").

7. True and correct copies of the Summons and Complaint served on CVS are attached hereto as **Exhibit A.**

8. In his Complaint, Plaintiff alleges the following causes of action: (1) Failure to Compensate for All Hours Worked; (2) Failure to Pay Minimum Wage; (3) Failure to Provide Meal Periods; (4) Failure to Permit Inspection of Records; (5) Violation of San Francisco's Formula Retail Employee Rights Ordinances; (6) Unlawful Retaliation in Violation of Public Policy; (7) Wrongful Termination in Violation of Public Policy; (8) Discrimination and Harassment; (9) Failure to Prevent and Investigate Discrimination and Harassment; (10) Failure to Provide Reasonable Accommodation; (11) Failure to Engage in Interactive Process; (12) Breach

of Contract; (13) Breach of Implied Covenant of Good Faith and Fair Dealing; (14) Intentional Infliction of Emotional Distress; (15) Negligent Infliction of Emotional Distress; and (16) Unfair Business Practices.

9. On August 2, 2021, CVS timely filed an Answer to the Complaint. A true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

10. The Summons, Complaint, and Answer constitute the pleadings, process, and orders served upon or by CVS in the State Court Action.

## III. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS

11. The Complaint, and each cause of action alleged therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. Plaintiff is a Citizen of the State of California

12. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California, residing in Los Angeles County, within the meaning of U.S.C. § 1332(a) -- his place of residence and domicile are, and were, located within the State of California. ***See* Ex. A at ¶ 1**; *see also Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

13. Upon information and belief, including the fact that Plaintiff resides in the State of California and was employed by CVS in the State of California from 2015 to 2021f3, Plaintiff is, and was at all relevant times, a citizen of the State of California. "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *Ehrman v. Cox Commc'ns, Inc*., 932 F.3d 1223, 1227–28 (9th Cir. 2019).

### B. CVS Pharmacy, Inc. is a Citizen of the State of Rhode Island

14. If a party is a corporation, it is a citizen of both its state of incorporation and the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

15. CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island. 28 U.S.C. §1332(c); *Hertz Corp*., 130 S. Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

16. CVS Pharmacy, Inc. is now, and was at all material times, headquartered in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s officers and directors are employees whose offices are located at its headquarters in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s high-level officers direct, control, and coordinate the corporation's operations from its headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made in Rhode Island, including operational, executive, administrative, and policymaking decisions. For this additional reason, CVS Pharmacy, Inc. is a citizen of Rhode Island. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

17. Therefore, for the purpose of determining jurisdiction, CVS Pharmacy, Inc. was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State Rhode Island.

18. "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co*. 157 F. 3d 686, 690-691 (9th Cir. 1998).

19. Accordingly, complete diversity exists between Plaintiff (California) and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Defendant (Rhode Island).

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

20. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co*., 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

21. CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff is entitled to any damages and that Plaintiff will be able to recover on any of his theories of recovery.

22. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

### A. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if He Prevails

23. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d

489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

24. Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal - for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414.

### B. Economic Damages in the Form of Lost Wages

25. Plaintiff seeks damages associated with alleged lost earnings. ***See* Ex. A at ¶¶ 30, 38, 118, 129, and 140**. At the time of his separation (January 7, 2021) Plaintiff was employed as a CA Store Associate and his hourly rate was $16.00 (making, on average, approximately $766.10 bi-weekly, or $383.50/week.) ***See* Declaration of Hillary Williams at ¶ 3, Ex. 1.**

26. By the time this case is statistically likely to be resolved at trial (June 2023 or 22 months from the date of removal),[1] Plaintiff will have incurred significant damages (nearly $50,000)—all of which must count toward the jurisdictional threshold—in alleged lost wages alone.[2]

### C. Attorneys' Fees

27. Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks such fees. ***See* Ex. A, Prayer for Relief, ¶ 2**.

---

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Northern District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 22 months. ***See* Declaration of Leilani E. Jones, Ex. 1.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[2] $383.50 per week multiplied by the 125 weeks between Plaintiff's separation of employment (January 7, 2021) and trial (June 2023).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

28. As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavez*, *supra*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc*., No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

29. Assuming that a conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial attendance (45 hours) occurs in this case, it is very well likely that an attorneys' fee award alone would exceed $75,000. It is, at the very least, *plausible* that an attorneys' fee award in this matter will exceed $75,000.

**D. <u>Emotional Distress Damages</u>**

30. Plaintiff also claims damages for emotional distress. ***See* Ex. A at ¶¶ 75, 83, 100, 129, 140, 150, 158, 161, 171.**

31. A review of jury verdicts in California demonstrates that emotional distress awards in disability discrimination and retaliation cases commonly exceed $75,000:

- ***Juarez v. Autozone Stores, Inc.***, 2014 WL 7017660 (S.D. Cal.): pain and suffering award of $250,000 in discrimination case;
- ***Palma v. Rite Aid Corp.***, 2012 WL 3541952 (L.A. County Sup. Ct.): award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case; and

- ***Betson v. Rite Aid Corp.***, 2011 WL 3606913 (L.A. County Sup. Ct.): pain and suffering award of $500,000 to employee in disability harassment action.

32. Plaintiff's allegations that he was discriminated against and wrongfully terminated because of his disability are similar to the issues in these cases. It's entirely conceivable that his emotional distress damages will far exceed the requisite $75,000 amount in controversy.

**E. <u>Punitive Damages</u>**

33. Additionally, Plaintiff seeks to recover punitive damages against CVS, a company of considerable size and resources. ***See* Ex. A, Prayer for Relief, ¶ 7.** Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co*., 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

34. Here, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that he will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See, e.g.*:

- ***Hill v. Asian American Drug Abuse Program, Inc.*** (Los Angeles County Superior Court Case No. BC582516; judgment date of January 16, 2018): awarding **$2,668,700** in punitive damages in disability discrimination lawsuit;

- ***Navarro v. 4Earth Farms, Inc. et al***. (Los Angeles County Superior Court Case No. BC606666; judgment date of June 19, 2017): awarding **$100,000** in punitive damages in disability discrimination lawsuit; and

- ***Tapia v. San Gabriel Transit Inc.*** (Los Angeles ***County*** Superior Court Case No. BC482433; judgment date of December 18, 2015): awarding $400,000 in punitive damages in disability discrimination lawsuit.

35. Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

**V. <u>REMOVAL IS TIMELY</u>**

36. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when CVS received the Summons and Complaint. 28 U.S.C. § 1446(b)(1); ***see* Ex. A**.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## VI. CONCLUSION

37. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

38. Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: August 2, 2021

PAYNE & FEARS LLP

By: */s/ Leilani E. Jones*
LEILANI E. JONES

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# Exhibit A

 **Service of Process Transmittal**
07/01/2021
CT Log Number 539835575

**TO:** Serviceof Process
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:** **Process Served in California**

**FOR:** CVS Pharmacy, Inc. (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** BEN SCHULTZ, etc., Pltf. vs. CVS Pharmacy, Inc., etc., et al., Dfts.

**DOCUMENT(S) SERVED:** -

**COURT/AGENCY:** None Specified
Case # CGC21592134

**NATURE OF ACTION:** Employee Litigation - Discrimination

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, GLENDALE, CA

**DATE AND HOUR OF SERVICE:** By Process Server on 07/01/2021 at 13:06

**JURISDICTION SERVED :** California

**APPEARANCE OR ANSWER DUE:** None Specified

**ATTORNEY(S) / SENDER(S):** None Specified

**ACTION ITEMS:** CT has retained the current log, Retain Date: 07/01/2021, Expected Purge Date: 07/06/2021

Image SOP

Email Notification, Serviceof Process service_of_process@cvs.com

**REGISTERED AGENT ADDRESS:** C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203

800-448-5350
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Thu, Jul 1, 2021 |
| **Server Name:** | Jimmy Lizama |

| | |
|---|---|
| Entity Served | CVS PHARMACY, INC. |
| Case Number | CGC-21-592134 |
| Jurisdiction | CA |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

CVS Pharmacy, Inc., a Rhode Island corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

BEN SCHULTZ, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* CGC-21-592134

**CGC-21-592134**

Superior Court of the State of California, County of San Francisco
Civic Center Courthouse, 400 McAllister St., San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Stephen Noel Ilg, Esq., ILG Legal Office, 555 California St., Ste. 4925, San Francisco, CA 94104; (415)580-2574

DATE: *(Fecha)* **06/28/2021** Clerk, by *(Secretario)* **ERNALYN BURA**, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [XX] on behalf of *(specify)*: CVS Pharmacy, Inc a Rhode Island Corporation

   under: [XX] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **OCT-27-2021**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



# Superior Court of California, County of San Francisco
# Alternative Dispute Resolution
# Information Package

The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint**

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2) MEDIATION**

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

**3) ARBITRATION**

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION**

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION**

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

**HOW DO I PARTICIPATE IN ADR?**

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: ____________<br>**DEPARTMENT 610** |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): ____________________

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) ____________

☐ **Other ADR process** (describe) ______________________________

2) **The parties agree that the ADR Process shall be completed by (date):** ____________________

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

______________________________________________________________

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: ____________ | Dated: ____________ |

☐ ***Additional signature(s) attached***

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Stephen Noel Ilg, Esq. (SB 275599)
ILG Legal Office, PC
156 South Spruce Ave, Ste 206A, South San Francisco, CA 94080
TELEPHONE NO.: (415) 580-2574 FAX NO.: (415) 735-3454
ATTORNEY FOR *(Name)*: Plaintiff, Ben Schultz

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**05/24/2021**
**Clerk of the Court**
BY: KALENE APOLONIO
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Schultz v. CVS Pharmacy Inc.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CGC-21-592134
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: 16
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 21, 2021
Stephen Noel Ilg
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
George L. Lin (SBN 287873)
156 South Spruce Ave., Unit 206A
South San Francisco, CA 94080
Tel: (415)580-2574
Fax: (415)735-3454
Email: silg@ilglegal.com
Email: glin@ilglegal.com

Attorneys for Plaintiff BEN SCHULTZ

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**05/24/2021**
**Clerk of the Court**
BY: KALENE APOLONIO
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

**CGC-21-592134**

BEN SCHULTZ, an individual,

Plaintiff,

vs.

CVS Pharmacy, Inc., a Rhode Island corporation, and DOES 1 through 100, inclusive,

Defendants.

Case No.

1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders);
2. **FAILURE TO PAY MINIMUM WAGE** (Lab. Code §§ 223, 1194 *et seq.*);
3. **FAILURE TO PROVIDE MEAL PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders);
4. **FAILURE TO PERMIT INSPECTION OF RECORDS** (Lab. Code §§ 226(f), 1198.5);
5. **VIOLATION OF SAN FRANCISCO'S FORMULA RETAIL EMPLOYEE RIGHTS ORDINANCES** (S.F. Cal., Police Code art. 33F and 33G)
6. **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY** (Lab. Code §§ 98.6, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*);
7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** (*Tameny v. Atlantic Richfield Company*);
8. **DISCRIMINATION AND HARASSMENT** (Gov't. Code §§ 12940 *et seq.*);
9. **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT** (Gov't. Code §§

**ILG Legal Office, P.C.**
Tel: (415) 580-2574 | Email: help@ilglegal.com

12940 *et seq.*; *Tameny v. Atlantic Richfield Company*);

**10. FAILURE TO PROVIDE REASONABLE; ACCOMMODATION** (Gov't. Code § 12940 *et seq.*);

**11. FAILURE TO ENGAGE IN INTERACTIVE PROCESS** (Gov't. Code § 12940 *et seq.*);

**12. BREACH OF CONTRACT** (Civil Code);

**13. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**

**14. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**15. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** (Civ. Code § 1714);

**16. UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code §§ 17200 *et seq.*).

**JURY TRIAL DEMANDED**

This Complaint is brought by Plaintiff Ben Schultz ("Plaintiff" and/or "Mr. Schultz"), on behalf of himself, against his former employer, Defendant CVS Pharmacy, Inc. ("CVS" or "Defendant"), and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby demands a jury trial on all causes of action. Plaintiff alleges the following:

**PLAINTIFF**

1. At all times material herein, Plaintiff was and is a competent adult and resident of the State of California, San Francisco County. Plaintiff began working for Defendant as a clerk/cashier in November 2015. While working for Defendant, Plaintiff's job duties included but were not limited to: working the cash register, helping customers find products, answering customer's questions, and stocking product.

**DEFENDANTS**

2. At all times material herein, Defendant CVS was and is a Rhode Island corporation registered to do business in the State of California, including but not limited to conducting business within San Francisco County, with its corporate headquarters located in Woonsocket,

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

Rhode Island. Defendant CVS is a leading pharmacy chain, operating in fifty states plus the District of Columbia and Puerto Rico. At all relevant times alleged herein, Plaintiff is informed and believes that Defendants are authorized to and do conduct business in the State of California in the retail pharmacy industry, including but not necessarily limited to San Francisco County.

3. The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the conditions of Plaintiff which led to the instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff for the acts of every other Defendant. The true names and capacities of the DOE Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes that the DOE Defendants are residents of the State of California. Plaintiff will amend this complaint to show such DOE Defendants' true names and capacities when they are known.

4. Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the course and scope of said agency and/or employment, with the knowledge and/or consent of said Defendant.

5. To the extent any allegation contradicts another allegation, they are to be construed as "alternative" theories.

**JURISDICTION AND VENUE**

6. This Court is the proper Court, and this action is properly filed in the County of San Francisco, because Defendant CVS transacts business within this county at multiple locations. Plaintiff performed work for Defendants and experienced the legal violations that are the subject of this Complaint in San Francisco County

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

7. This Court has jurisdiction over the Plaintiff's claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices, and attorneys' fees and costs pursuant to, *inter alia*., California Business and Professions Code sections 17200-17208, and the statutes cited herein.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Defendants regularly and systematically do business in the State of California and are subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants regularly employ five or more persons. Plaintiff timely filed a charge of discrimination, failure to investigate discrimination and retaliation against Defendants with the California Department of Fair Employment and Housing ("DFEH"). On April 6, 2021, Plaintiff received a notice of the right to sue from the DFEH pursuant to California Government Code section 12965(b). Plaintiff filed this action within one year of the date of his DFEH right-to-sue letter(s); therefore, administrative remedies have been properly exhausted.

9. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

10. The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

**FACTS REGARDING PLAINTIFF'S CAUSES OF ACTION**

11. Mr. Schultz was hired by CVS in November 2015 as a retail store associate. Towards the end of his employment, he was paid $16.00 per hour plus approximately $2.05 per hour paid into his SF City Option medical reimbursement account (MRA). 5% of his net pay was put towards a 401k plan, while Defendants contributed 5% of his gross pay towards the plan. He typically worked about 30 hours per week. At all times during his employment with CVS, he was performing his job duties satisfactorily.

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

12. Mr. Schultz suffers from severe Attention Deficit Hyperactivity Disorder (ADHD) and Generalized Anxiety Disorder and, thus, has recognized disabilities. CVS was aware Mr. Schultz had a qualifying disability. As such, he requires certain accommodations. Specifically, he requested to be assigned primarily to the floor, limiting his time as a cashier to backup such as when the lines were too long or the primary cashier(s) needed help.

13. Mr. Schultz's request to "work the floor" was not only reasonable, but it was previously granted by CVS on several prior occasions: (1) Informally, his manager granted the accommodation at Store #10189, located at 1285A Sutter Street, for a while but then disallowed it. (2) The manager at Store #4770 located at 1101 Market Street informally approved the accommodation. (3) When Mr. Schultz would fill in at other stores, those managers would often informally grant the accommodation. (4) Subsequently, Mr. Schultz submitted a formal request for an accommodation. It took more than six months to get approval. The approval lasted for a year but then expired and was voided because it only applied to Store #10189, which permanently closed.

14. While still working at Store #10189, Mr. Schultz requested a transfer because store manager Norman was drastically cutting his hours in an attempt to force him to quit. Norman viewed Mr. Schultz's accommodation as a burden and was frustrated that Mr. Schultz could not work at the register. Norman was significantly cutting Mr. Schultz's hours. Furthermore, Mr. Schultz's District Manager stated that he did not want to transfer him because he did not want other Store Managers to have to deal with his accommodation.

15. In March of 2020, when the statewide stay-at-home order was first put in place due to the COVID-19 pandemic, Mr. Schultz took a leave of absence. In May of 2020, the San Francisco CVS location where Mr. Schultz worked closed temporarily due to damage caused by looting. In July of 2020, the store closed permanently.

16. Mr. Schultz contacted CVS in September of 2020 and asked to return to work. He requested the same accommodation that was granted on two previous occasions: that he be allowed to "work the floor" rather than serve as a cashier. However, CVS claimed that it had difficulty finding a store that could accommodate Mr. Schultz, so his leave was extended.

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

Ultimately, Mr. Schultz was informed he was being terminated because CVS could not accommodate his reasonable request (a request that they had granted on several prior occasions). CVS claimed that there was not one store anywhere in San Francisco that could accommodate his request. He was officially terminated on January 8, 2021.

17. CVS cannot argue Mr. Schultz was unable to perform the essential functions of his job for several reasons. First, the accommodation had been granted many times in the past without problem. Second, his job description lists cashier of one of many job duties. His job title was "Retail Store Associate." He was able to perform virtually all of his job duties with the accommodation, with limits only on one position: cashier/self-checkout attendant.

18. To date, Mr. Schultz has still not received his final paycheck. He was also never paid for over 44.5 hours of sick leave he had accumulated and attempted to use but was not permitted to use during his employment. Additionally, he previously received holiday pay that was below the minimum wage. He did not receive his final paycheck which should have included the sick play he requested plus any other accrued PTO. Finally, Mr. Schultz requested his payroll records, which he also has not yet received.

## FIRST CAUSE OF ACTION

## FAILURE TO COMPENSATE FOR ALL HOURS WORKED

(Lab. Code §§ 200-204, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)

(*On behalf of Plaintiff against all Defendants*)

19. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

20. Defendants were required to compensate Plaintiff for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code sections 200-204, 225.5, 500, 510, 558 1197, 1198.

21. Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum wage required under the applicable Wage Orders.

22. Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

23. Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

24. Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

25. Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

26. Plaintiff performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

27. As alleged throughout this Complaint, Defendants failed to track hours worked and refused to compensate Plaintiff for some and/or all of the wages earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

28. At all relevant times, Defendants were aware of, and were under a duty to comply with the wage provisions of the California Labor Code, including, but not limited to California Labor Code sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff is not exempt from the requirements of the Employment Laws and Regulations. Plaintiff has been deprived of his rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California employment laws and regulations, Plaintiff is entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

29. Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made. (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

30. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours worked, on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGE**
(Lab. Code §§ 223, 1194 *et seq.*)
(*On behalf of Plaintiff against all Defendants*)

31. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32. At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code section 1194 *et seq.*

33. California Labor Code section 1194(a) in relevant part provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

34. Moreover, California Labor Code section 1197 provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

35. Finally, California Labor Code section 1194.2(a) provides:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

36. Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

while purporting to pay the wage designated by statute or by contract. Plaintiff routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

37. Plaintiff did not receive the applicable minimum wage for all hours worked on Defendants' behalf. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

38. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
(Lab. Code §§ 226.7, 512; IWC Wage Orders)
(*On behalf of Plaintiff against all Defendants*)

39. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40. At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code sections 226.7 and 512 and applicable sections of the IWC Wage Order.

41. California Labor Code section 226.7 provides:

> No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> ....
>
> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

42. Moreover, California Labor Code section 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

> work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

43. Section 11 of the applicable Wage Order provides:

> a. No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....
> b. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....
> c. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

44. Defendants routinely required Plaintiff to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Plaintiff for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

45. Defendants routinely required Plaintiff to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Plaintiff for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

46. By requiring Plaintiff to attend to business and failing to consistently (1) provide meal breaks within the first five hours of a work shift and/or (2) provide uninterrupted thirty-minute meal periods, Defendants violated the California Labor Code and sections 11 and 12 of the applicable IWC Wage Order.

47. Even where Defendants' records specifically evidence that no meal periods were provided to Plaintiff, Defendants refused to provide him with one hour of compensation for these

respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any worker.

48. Plaintiff is not exempt from the meal period requirements of the aforementioned Employment Laws and Regulations.

49. Plaintiff did not willfully waive, through mutual consent with Defendants, any such meal periods.

50. Defendants did not pay premium payments to Plaintiff for missed meal periods.

51. In fact, Plaintiff's manager told him that "if I give you a missed break premium, I'll have to write you up." As a result, meal breaks were added to Plaintiff's timesheets even when he was not allowed to take them.

52. Plaintiff has been deprived of his rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

53. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including lost compensation resulting from missed meal periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff is entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

## FOURTH CAUSE OF ACTION
## FAILURE TO PERMIT INSPECTION OF RECORDS

(Lab. Code §§ 226(f), 1198.5)

(*On behalf of Plaintiff against all Defendants*)

54. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55. California Labor Code section 1198.5 provides that every employer shall, upon the request of an employee, permit that employee to inspect such personnel file which are used or

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

have been used to determine that employee's qualifications for employment, promotion, additional compensation, termination or other disciplinary action. Employers are required to respond to this request within 30 days. Cal. Lab. Code § 1198.5(b)(1).

56. California Labor Code section 226 requires employers to permit inspection of wage statement records within twenty-one days of an oral or written request.

57. Defendants failed to permit Plaintiff to inspect personnel file and wage statement records.

58. Plaintiff was injured by Defendants' failure to provide personnel files and wage statements, because, as alleged above, Plaintiff did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

59. Plaintiff is not exempt from the requirements of the Employment Laws and Regulations.

60. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226 including but not limited to a $750 penalty per employee (*see* Lab. Code § 226(f)), and pursuant to California Labor Code section 1198.5 including but not limited to a $750 penalty per employee (*see* Lab. Code § 1198.5(k)), and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**<u>FIFTH CAUSE OF ACTION</u>**
**VIOLATION OF SAN FRANCISCO'S**
**FORMULA RETAIL EMPLOYEE RIGHTS ORDINANCES**
(S.F. Cal., Police Code art. 33F and 33G)
(*On behalf of Plaintiff against all Defendants*)

61. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

62. San Francisco's Formula Retail Employee Rights Ordinances ("The SF Retail Bill of Rights") section 3300G.4(c) provides,

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

> An employer shall provide an Employee with the following compensation per shift for each previously scheduled shift that the Employer moves to another date or time or cancels, or each previously unscheduled shift that the Employer requires the Employee to come into work:
>
> (A) With less than seven days' notice but 24 hours or more notice to the Employee, one hour of pay at the Employee's regular hourly rate;
>
> (B) With less than 24 hours' notice to the Employee, two hours of pay at the Employee's regular hourly rate for each shift of four hours or less; and
>
> (C) With less than 24 hours' notice to the Employee, four hours of pay at the Employee's regular hourly rate for each shift of more than four hours.
>
> Where the Employee is required to come into work, the compensation mandated by this subsection (c)(2) shall be in addition to the Employee's regular pay for working that shift. This subsection (c)(2) shall apply to On-Call Shifts.

63. Plaintiff routinely had his schedule changed with less than seven days' notice and less than 24 hours' notice and was not paid the premiums or wages owed pursuant to The SF Retail Bill of Rights section 3300G.4(c).

64. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including but not limited to, monetary losses, in an amount to be established at trial.

## SIXTH CAUSE OF ACTION

## UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY

(Lab. Code §§ 98.6, 230, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*)

(*On behalf of Plaintiff against all Defendants*)

65. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66. Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

67. Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic or engaged in a protected activity. Said public policy is embodied in the Constitution of the State of California and California Labor Code sections 98.6, 230 [due to service as a jury member, witness, or for relief from domestic violence], 232 [due to disclosure of amount of wages], 232.5 [due to disclosure of working conditions] and other sections of the Labor

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

Code]. Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state.

68. California Labor Code sections 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106] (commencing with section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint to Court, or because the employee has initiated any action, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code section 98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Lab. Code § 98.6(b)(1).

69. "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Lab. Code § 98.6(b)(3).

70. Government Code section 12940(m)(2) provides that it is an unlawful employment practice "[f]or an employer or other entity covered by this part to, in addition to the employee protections provided pursuant to subdivision (h), retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted."

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

71. Defendants terminated Plaintiff's employment in violation of public policy. Defendants retaliated against Plaintiff because Plaintiff has a protected characteristic and/or engaged in protected activity.

72. Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's opposition to and/or reporting of the actual and/or perceived violations described herein.

73. Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

74. The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

75. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

76. Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(*Tameny v. Atlantic Richfield Company*)

(*On behalf of Plaintiff against all Defendants*)

77. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

78. Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

79. Defendants terminated Plaintiff's employment based upon Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

80. Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

81. Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

82. The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

83. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

84. Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

**EIGHTH CAUSE OF ACTION**
**DISCRIMINATION AND HARASSMENT**
(California Gov't Code §§12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff against all Defendants*)

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

85. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

86. At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code §§ 12940 *et seq.*) ("FEHA") and Plaintiff was an employee within the meaning of FEHA. Defendants regularly employed five or more persons or, in the alternative, Defendants are direct or indirect agents of an employer. *See* Cal. Govt. Code §§ 12926(d) (""Employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities, except as follows: "Employer" does not include a religious association or corporation not organized for private profit."" *Id.* This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing. Defendants regularly and systematically do business in the State of California and is subject to suit under FEHA in that Defendants regularly employed five or more persons.

87. Under FEHA and the common law of the State of California, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic. It is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic. This public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Government Code section 12940. Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980) and *Rojo v. Kliger,* 52 Cal. 3d 65(1990).

88. With respect to harassment claims under subdivision (j) of Section 12940, the definition of an "employer" includes "any person regularly employing one or more persons or regularly receiving the services of one or more persons providing services pursuant to a contract, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities." Gov't Code § 12940(j)(4).

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

89. With respect to discrimination, California Government Code section 12940(a) provides that it is an unlawful employment practice:

> For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

90. With respect to harassment, California Government Code section 12940(j)(1) provides:

> For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment.

This is a claim for relief arising from Defendants' causing, and its failure to prevent, disability discrimination and harassment against Plaintiff.

91. According to California Government Code section 12926(j), "'Mental disability' includes, but is not limited to, all of the following: (1) Having any mental or psychological disorder or condition, such as intellectual disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity. For purposes of this section: (A) 'Limits' shall be determined without regard to mitigating measures, such as

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

medications, assistive devices, or reasonable accommodations, unless the mitigating measure itself limits a major life activity. (B) A mental or psychological disorder or condition limits a major life activity if it makes the achievement of the major life activity difficult. (C) 'Major life activities' shall be broadly construed and shall include physical, mental, and social activities and working."

92. As alleged above, Plaintiff was entitled to protection under FEHA because Plaintiff is an employee who has a protected characteristic.

93. As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code sections 12940 *et seq.*

94. Defendants were aware that Plaintiff was an employee who has a protected characteristic.

95. Pursuant to California Government Code section 12940(a), Defendants were prohibited from taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

96. At all times mentioned herein, Plaintiff was qualified for the position he held and was performing competently in the position. Furthermore, Plaintiff was willing and able to perform the duties and essential functions of his position with or without a reasonable accommodation.

97. Defendants' discriminatory and harassing actions against Plaintiff, as alleged above, including his termination, constituted unlawful discrimination in employment on account of the fact that Plaintiff was an employee that has a protected characteristic, in violation of California Government Code section 12940.

98. Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by the fact that Plaintiff has a protected characteristic.

99. Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited,

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

100. As a direct and proximate result of the actions of Defendants, including the discrimination and harassment against Plaintiff as described herein, Plaintiff has suffered and will continue to suffer pain and extreme and severe mental anguish and emotional distress. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits. Accordingly, Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

101. By discriminating against and harassing Plaintiff in violation of Government Code section 12940, Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

102. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

103. Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code section 12965(b).

**NINTH CAUSE OF ACTION**
**FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT**
(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff against all Defendants*)

104. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

105. Under California law, there is a fundamental and well-established public policy against taking any adverse employment action motivated by the fact that an employee has a protected characteristic.

106. Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee has a protected characteristic. Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940. Jurisdiction is invoked in this court pursuant to FEHA and the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield* Company, 27 Cal. 3d 167 (1980) and *Rojo v. Kliger,* 52 Cal. 3d 65 (1990).

107. As alleged above, Plaintiff was entitled to protection under FEHA based on the fact that Plaintiff is an employee who has a protected characteristic.

108. As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code section 12940 *et seq.*

109. Defendants were aware that Plaintiff was an employee who has a protected characteristic.

110. At all times mentioned herein, Defendants were employers within the meaning of FEHA and Plaintiff was an employee within the meaning of FEHA. Defendants regularly employed five or more persons or, in the alternative, Defendants are direct or indirect agents of an employer. *See* Cal. Govt. Code §§ 12926(d) ("“Employer” includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities, except as follows: “Employer” does not include a religious association or corporation not organized for private profit.”" *Id.* This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing. Defendants regularly and systematically do business in the State of California and is subject to suit under FEHA in that Defendants regularly employed five or more persons.

111. Under FEHA, including California Government Code section 12940(k), and the common law of the State of California, Defendants owe to Plaintiff a duty to take all reasonable steps necessary to investigate or prevent harassment and discrimination.

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

112.    California Government Code section 12940(j)(1) provides that it is an unlawful employment practice:

> For an employer, … or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment.

113.    Plaintiff complained about the harassment and discrimination to one of Plaintiff's managers/supervisors. Nonetheless, Defendants did not investigate Plaintiff's complaints or take action to stop the harassment and discrimination.

114.    Despite Defendants' knowledge of Plaintiff's complaints, Defendants failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment. Defendants similarly failed to take all reasonable steps to prevent discrimination from occurring.

115.    Furthermore, Defendants should have known about the discrimination and harassment against Plaintiff. Defendants failed to take immediate and appropriate corrective action to prevent discrimination, retaliation, and harassment. Defendants similarly failed to take all reasonable steps to prevent discrimination from occurring.

116.    On information and belief, Defendants do not provide adequate anti-discrimination training to their workforce, which results in unlawful discrimination, unlawful harassment, unlawful retaliation and related violations against Plaintiff.

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

117. Because of Defendants' failure to prevent and investigate harassment and discrimination, Plaintiff suffered adverse employment actions, including termination.

118. Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of Defendants' willful, knowing, and intentional wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of appetite, and body-aches. Plaintiff has also suffered from a loss of earnings, other employment benefits and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and other monetary damages. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

119. Plaintiff seeks attorneys' fees and costs pursuant to California Government Code section 12965(b).

120. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

## TENTH CAUSE OF ACTION
## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

(Gov't. Code §§ 12940 *et seq.*)

(*On behalf of Plaintiff against all Defendants*)

121. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

122. Defendants regularly employed five or more persons or, in the alternative, Defendants are direct or indirect agents of an employer. *See* Cal. Govt. Code §§ 12926(d) (""Employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

the state, and cities, except as follows: "Employer" does not include a religious association or corporation not organized for private profit.'"' *Id.*

123. California Government Code section 12940(m)(1) provides that it shall be unlawful "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

124. As alleged above, and at all relevant times hereto, Plaintiff has suffered from recognized disabilities, pursuant to California Government Code sections 12940 *et seq*.

125. Defendants were aware of Plaintiff's disabilities.

126. Defendants failed to provide reasonable accommodations with respect to Plaintiff's needs based on his disabilities.

127. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position if Defendant had provided reasonable accommodations. Defendants could have provided reasonable accommodations for Plaintiff's disabilities without causing any danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' business.

128. As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

129. As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, front pay, back pay, severance pay, and the like.

130. By discriminating against Plaintiff and refusing to provide him reasonable accommodations in violation of Government Code section 12940(m), Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

131. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

132. Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code section 12965(b).

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN INTERACTIVE PROCESS**

(Gov't. Code §§ 12940 *et seq.*)

(*On behalf of Plaintiff against all Defendants*)

133. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

134. Defendants regularly employed five or more persons or, in the alternative, Defendants are direct or indirect agents of an employer. *See* Cal. Govt. Code §§ 12926(d) (""Employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities, except as follows: "Employer" does not include a religious association or corporation not organized for private profit."" *Id.*

135. Government Code section 12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

136. Plaintiff was entitled to Fair Employment and Housing Act ("FEHA")'s protection pursuant to California Government Code sections 12940 *et seq.* because Plaintiff has a disability.

137. Defendants were aware that Plaintiff had a disability.

138. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disability, if any.

139. As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

140. As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and the like.

141. By failing to engage in the interactive process in violation of Government Code section 12940(n), Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

142. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

143. Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code section 12965(b).

**TWELFTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
(*On behalf of Plaintiff as an individual against all Defendants*)

144. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

145. To recover damages from for breach of contract, a plaintiff must prove all of the following: 1. That the parties formed a contract; 2. That plaintiff did all, or substantially all, of the significant things that the contract required him to do or was otherwise excused; 3. That all conditions required by the contract for the defendant's performance occurred or were excused; and 4. That defendant did something or failed to do something that violates the contract. *See* CACI No. 303.

146. According to Labor Code § 2750, "the contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or a third person." Plaintiff and Defendants entered into

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

a contract upon hire and throughout the term of Plaintiff's employment. The contract was in writing and oral and implied-in-fact and provided that Plaintiff's employment would be secure for as long as his respective performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits. Plaintiff undertook and continued employment and duly performed all of the conditions of the employment agreement to be performed by him until prevented by Defendants from further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by him. Furthermore, ambiguous language in a contract shall be construed against party who caused uncertainty to exist, if ambiguity is not eliminated by interpreting ambiguous provisions in sense that promisor believed the promisee understood them at time of formation. Civil Code §§ 1649, 1654.

147. On or about January 8, 2021, Defendants breached the employment agreement by discharging Plaintiff without good cause and despite his continued satisfactory performance.

148. Plaintiff suffered damages legally caused by the breach of contract as described in this Complaint, all paragraphs of which are incorporated here to the extent pertinent as if set forth here in full.

149. Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

150. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including, but not limited to, monetary losses, missed opportunities, harm to his reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

**THIRTEENTH CAUSE OF ACTION**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

*(On behalf of Plaintiff as an individual against all Defendants)*

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

151. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

152. The agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the conditions of the agreement that they agreed to perform, or any act that would deprive Plaintiff of the benefits of the agreement.

153. Plaintiff worked for Defendants for over five years and reasonably relied on the provisions of the personnel manual regarding the causes for which employees could be written up or discharged and the procedures set forth for such corrective action including terminations for the expectation that Defendants would apply its policies even-handedly to afford Plaintiff the protections of those procedures if Defendants believed there was cause to take corrective action against Plaintiff, including termination. Nonetheless, Defendants failed to follow the agreed-upon terms of the bargain and, instead, Defendants summarily terminated Plaintiff's employment. Defendants breached the implied covenant of good faith and fair dealing under the contract by discharging Plaintiff intentionally, without just or probable cause, in bad faith and for reasons extraneous to the contract. Such motives were retaliatory in nature and extraneous to the employment relationship and were intended to deprive Plaintiff of the benefits thereof. Defendants further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own personnel policies and past practices before discharge.

154. Plaintiff performed all the duties and conditions of the contract.

155. Defendants knew that Plaintiff had fulfilled all of his duties and conditions under the contract.

156. Defendants further breached the implied covenant of good faith and fair dealing by violating and failing to follow the terms of the contract.

157. As a proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered, and continues to suffer, monetary losses and other damage in an amount to be established at trial. As a further proximate result of Defendants' breach of the

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

implied covenant of good faith and fair dealing, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed to them under the employment contract

158. Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including, but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

**FOURTEENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(Civ. Code)
(*On behalf of Plaintiff against all Defendants*)

159. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

160. The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conduct was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

161. As a proximate result of Defendants' intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

162. Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

163. Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

164. Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

165. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

166. Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

167. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

**FIFTEENTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

(Civ. Code § 1714)

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

(*On behalf of Plaintiff as an individual against all Defendants*)

168. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

169. In the alternative, if said conduct of Defendants, and each of them, and of their agents and employees was not intentional, it was negligent. Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress

170. Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

171. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

172. Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

173. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

**SIXTEENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff against all Defendants*)

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

174. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

175. Plaintiff brings this cause of action individually.

176. Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business and Professions Code sections 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff.

177. In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

178. Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code sections 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

179. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's' expense.

180. Defendants' business practices were unfair as set forth herein, providing an independent basis to support this claim.

181. Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim.

182. Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

183. Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its

**ILG Legal Office, P.C.**
Tel: (415) 580-2574 | Email: help@ilglegal.com

ILG Legal Office, P.C.
Tel: (415) 580-2574 | Email: help@ilglegal.com

responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's damages as herein alleged.

184. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

185. Plaintiffs seek restitution, declaratory and injunctive relief, and other relief allowable under Section 17200, *et seq.*

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following forms of relief:

1. For penalties, including civil penalties, pursuant to all provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

2. For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

3. For compensatory damages;

4. Compensation for all hours worked but not paid;

5. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

6. For special damages according to proof;

7. For punitive damages where allowed by law;

8. For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

9. For injunctive relief;

10. For pre-judgment and post-judgment interest as provided by law; and

11. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: May 21, 2021

**ILG Legal Office, P.C.**

Stephen Noel Ilg

Attorneys for Plaintiff

**ILG Legal Office, P.C.**
Tel: (415) 580-2574 | Email: help@ilglegal.com

# Exhibit B

Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, Bar No. 258992
akh@paynefears.com
Leilani E. Jones, Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

BEN SCHULTZ, an individual,

Plaintiff,

v.

CVS PHARMACY, INC., a Rhode Island corporation, and DOES 1 through 100, inclusive,

Defendants.

Case No. CGC-21-592134

**The Hon. Samuel K. Feng**
**Dept. 206**

**DEFENDANT'S ANSWER TO COMPLAINT**

Action Filed: May 24, 2021
Trial Date: None Set

Defendant CVS Pharmacy, Inc. ("Defendant" or "CVS") hereby answers the unverified Complaint filed by Plaintiff Ben Schultz ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30, subdivision (d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed by Plaintiff. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant or on the part of any agent or employee of Defendant, or any of them.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSES**

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional defenses that discovery indicates are proper.

**AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint and causes of action alleged therein are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action or for which relief may be granted.

**AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

2. The Complaint and causes of action alleged therein are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to California Government Code sections 12960(d) and 12965(b); Code of Civil Procedure sections 335.1, 338(a), 338(c), 338(d), 340(a), and 343; California Labor Code section 203; Business and Professions Code section 17208; and any other applicable statute of limitations.

**AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies/Lack of Jurisdiction)**

3. The Complaint and causes of action alleged therein are barred, in whole or in part, and the Court lacks jurisdiction, as a result of Plaintiff's failure to timely exhaust his administrative remedies before the Unites States Equal Employment Opportunity Commission and/or the California Department of Fair Employment and Housing.

**AFFIRMATIVE DEFENSE**

**(Lack of Proximate Cause)**

4. The Complaint and causes of action alleged therein are barred, in whole or in part,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

because Plaintiff engaged in conduct that proximately caused or contributed to any and all injuries Plaintiff allegedly suffered.

**AFFIRMATIVE DEFENSE**

**(Damages Not Result of Actions or Omissions of Defendant)**

5. Plaintiff's prayers for compensatory damages, emotional distress damages, and punitive damages are barred because such damages, if any, were not the result of acts, representations, or omissions of Defendant.

**AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

6. Plaintiff's prayers for compensatory damages, emotional distress damages, and punitive damages are barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003).

**AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence Doctrine)**

7. Plaintiff's purported damages are barred, in whole or in part, by the after-acquired evidence doctrine

**AFFIRMATIVE DEFENSE**

**(Causation by Plaintiff)**

8. The Complaint and causes of action alleged therein are barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSE**

**(Exclusive Remedy of Workers' Compensation)**

9. To the extent that Plaintiff seeks to recover damages based upon alleged injuries that were purportedly sustained at work, such claims are preempted and/or barred, in whole or in part, by the exclusive remedies provided in the California Workers' Compensation Act, Labor Code section 3600, *et seq*.

**AFFIRMATIVE DEFENSE**

**(Punitive Damages Unavailable)**

10. Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege legal claims or facts sufficient to state a claim for punitive or exemplary damages, or to show that Defendant engaged in oppressive, fraudulent, or malicious conduct.

**AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

11. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint on the grounds the alleged acts were not committed by an officer, director, or managing agent, nor were they authorized or ratified by an officer, director or, managing agent, nor did Defendant, its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed the acts, nor did Defendant employ the employees with a conscious disregard of the rights and safety of others.

**AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

12. The Complaint and causes of action alleged therein are barred, in whole or in part, by Plaintiff's failure to mitigate his damages as required by law.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

13. The Complaint and causes of action alleged therein are barred, in whole or in part, by the doctrine of unclean hands because of Plaintiff's own conduct and actions.

**AFFIRMATIVE DEFENSE**

**(Estoppel)**

14. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff is estopped from asserting each of the claims alleged therein.

**AFFIRMATIVE DEFENSE**

**(Waiver/Laches)**

15. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff has waived his right, by reason of his conduct and actions, to assert each of the claims alleged herein and/or by the doctrine of Laches.

**AFFIRMATIVE DEFENSE**

**(Legitimate Business Reasons)**

16. The Complaint and causes of action alleged therein are barred, in whole or in part, on the grounds that Defendant's actions were made for legitimate, non-discriminatory and non-retaliatory business-related reasons.

**AFFIRMATIVE DEFENSE**

**(Treatment No Different in the Absence of Discriminatory or Retaliatory Motive)**

17. The Complaint and causes of action alleged therein are barred, in whole or in part, on the grounds that even assuming, *arguendo*, that any discriminatory or retaliatory motive existed, which it did not, Plaintiff would have been treated no differently in the absence of such discriminatory or retaliatory motive.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSE**

**(Failure/Refusal to Engage in Interactive Process)**

18. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff failed and/or refused to engage in meaningful discussions or participate in the interactive process with Defendant.

**AFFIRMATIVE DEFENSE**

**(Failure to Request a Reasonable Accommodation)**

19. The Complaint and causes of action alleged therein are barred, in whole or in part, to the extent Plaintiff failed to request a reasonable accommodation for his purported disability.

**AFFIRMATIVE DEFENSE**

**(Bona Fide Occupational Requirement)**

20. The Complaint and causes of action alleged therein are barred, in whole or in part, because Defendant was entitled to consider whether Plaintiff was able to safely carry out certain essential job duties.

**AFFIRMATIVE DEFENSE**

**(No Contractual Relationship)**

21. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff's claim for breach of an oral/implied contract is barred because no contractual relationship existed or exists between Plaintiff and Defendant.

**AFFIRMATIVE DEFENSE**

**(No Private Right of Action Under S.F. Cal. Police Code art. 33F and 33G)**

22. Plaintiff's fifth cause of action is barred in whole or in part on the ground that there is no private right of action for alleged violations of S.F. Cal. Police Code pursuant to Article 33F, Sections 3300F.10 and 3300F.12; and Article 33G, Sections 3300G.10 and 3300G.11.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSE**

**(No Standing Under Business & Professions Code § 17200)**

23. Plaintiff's sixteenth cause of action is barred in whole or in part on the ground that his claim under Business and Professions Code section 17200 fails because he was not subject to any unlawful or unfair business practices and has no standing to bring this claim.

**AFFIRMATIVE DEFENSE**

**(Proper Compensation)**

24. Plaintiff's wage causes of action are barred because Plaintiff, at all relevant times, was compensated properly pursuant to the requirements contained in the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders.

**AFFIRMATIVE DEFENSE**

**(Defendant Did Not Act Willfully)**

25. Plaintiff's wage causes of action are barred because Defendant did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiff of any wages to which he was entitled under California wage and hour laws

**ADDITIONAL AFFIRMATIVE DEFENSES**

26. Because Plaintiff's allegations and causes of action are stated in vague and conclusory terms, Defendant cannot fully anticipate each affirmative defense that may be applicable to this action. Accordingly, Defendant reserves the right to plead additional affirmative defenses, if and to the extent that such affirmative defenses are available.

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**PRAYER FOR RELIEF**

WHEREFORE, CVS prays for judgment as follows:

1. That judgment be entered in favor of CVS and against Plaintiff;

2. That the Complaint herein be dismissed in its entirety with prejudice;

3. That CVS be awarded its cost of suit herein;

4. That CVS be awarded reasonable attorneys' fees as determined by the Court; and

5. For such other and further relief as the Court may deem just and proper.

DATED: August 2, 2021

PAYNE & FEARS LLP

By: *_/s/ Leilani E. Jones_*

DANIEL F. FEARS
ANDREW K. HAEFFELE
LEILANI E. JONES

Attorneys for Defendant CVS PHARMACY, INC.

**PROOF OF SERVICE**

**Ben Schultz vs. CVS Pharmacy, Inc.**
**CGC-21-592134**
**San Francisco Superior Court**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On August 2, 2021, I served true copies of the following document(s) described as **DEFENDANT'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Stephen Noel hg, Esq. (SB 275599)
George L. Lin (SBN 287873)
ILG Legal Office, PC
156 South Spruce Ave, Ste 206A,
South San Francisco, CA 94080
TELEPHONE. NO.: (415) 580-2574
FAX NO.:( 415)7 35-3454

Attorney for Plaintiff BEN SCHULTZ

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address fshamshad@paynefears.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 2, 2021, at Irvine, California.

*/s/ Farah Shamshad*
Farah Shamshad

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**PROOF OF SERVICE**

**Ben Schultz vs. CVS Pharmacy, Inc.**
**U.S. District Court, Northern District of California**
**Case Number 3:21-cv-5969**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On August 2, 2021, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| Stephen Noel hg, Esq. (SB 275599)<br>George L. Lin (SBN 287873)<br>ILG Legal Office, PC<br>156 South Spruce Ave, Ste 206A,<br>South San Francisco, CA 94080<br>TELEPHONE. NO.: (415) 580-2574<br>FAX NO.:( 415)7 35-3454 | Attorney for Plaintiff BEN SCHULTZ |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address fshamshad@paynefears.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 2, 2021, at Irvine, California.

*Farah Shamshad*
Farah Shamshad